IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDER TRUST,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-12355 (BLS)<br><br>Jointly Administered |
| CITY OF WICHITA KANSAS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST.,<br><br>Defendant-Appellee. | Civil Action No. 07-cv-00474 (***) |

SETTLEMENT AGREEMENT BY AND BETWEEN JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST AND CITY OF WICHITA, KANSAS

This settlement agreement (the "Agreement") is entered into by and between John G. McMillian, as liquidation trustee (the "Liquidation Trustee") to the liquidation trust (the "Liquidation Trust") created pursuant to the *Apco Liquidating Trust and Apco Missing Stockholders Trust Liquidation Trust Agreement*, dated January 26, 2006 (the "Liquidation Trust Agreement"), for Apco Liquidating Trust and Apco Missing Stockholder Trust (collectively, the "Debtors") and the City of Wichita, Kansas (referred to herein as "Wichita").

WHEREAS, on August 19, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for

the purpose of identifying, liquidating, and satisfying all outstanding claims against them so that their assets may be distributed to creditors and, thereafter, to their beneficiaries; and

WHEREAS, pursuant to the Bankruptcy Court's *Order Directing Joint Administration of the Debtors' Chapter 11 Cases Pursuant to Section 105(A) of the Bankruptcy Code* [Docket No. 14],[1] entered August 22, 2005, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only; and

WHEREAS, on December 16, 2005, the Debtors filed their *First Amended Liquidating Plan of Reorganization* [Docket No. 113] (the "Plan") with the Bankruptcy Court; and

WHEREAS, on January 26, 2006, the Bankruptcy Court entered its *Findings of Fact, Conclusion of Law and Order Confirming First Amended Liquidating Plan of Reorganization* [Docket No. 160] (the "Confirmation Order"); and

WHEREAS, the effective date of the Plan occurred on January 27, 2006; and

WHEREAS, the Confirmation Order provided, inter alia, except as otherwise expressly provided in the Plan, that all property of the Debtors' estates shall vest in the Liquidation Trust, free and clear of all claims, liens, encumbrances, and interests of holders of Claims and Interests (as such terms are defined in the Plan); and

WHEREAS, section 7.3 of the Plan provides for the creation of the Liquidation Trust and appointment of the Liquidation Trustee; and

WHEREAS, pursuant to the Confirmation Order, all property of the Debtors has been transferred to the Liquidation Trust; and

---

[1] All docket numbers cited to herein refer to the corresponding docket entries in the Cases in the Bankruptcy Court unless otherwise specifically noted.

WHEREAS, section 2.2 of the Liquidation Trust Agreement provides that the Liquidation Trust is charged with, among other things, the "... pursuit and resolution of Causes of Action, the pursuit and resolution of Claims Objections, the temporary investment of Distributable Proceeds and other Liquidation Trust moneys as provided herein ..."; and

WHEREAS, the Liquidation Trust Agreement was attached to the Plan and, as such, approved by the Confirmation Order; and

WHEREAS, section 7.7 of the Plan provides that "[t]he Liquidation Trustee shall be designated in the Confirmation Order and shall have the power to (i) prosecute for the benefit of the Liquidation Trust any Causes of Action, (ii) object to Claims and Interests ..." ; and

WHEREAS, on (i) November 16, 2005, Wichita filed proof of claim number 22 in an unliquidated amount; (ii) November 21, 2005, Wichita filed proof of claim number 23 in an amount "... no less than $894,721.30" as a non-priority general unsecured claim; and (iii) February 13, 2006, Wichita filed proof of claim number 26 in the amount of $1,325,527 as a non-priority general unsecured claim (the "Wichita Claim"[2]); and

WHEREAS, the Wichita Claim asserted an unsecured non-priority claim on account of a judgment (the "Kansas Judgment") entered by the United States District Court for the District of Kansas and based upon that certain *Memorandum Decision*, dated December 31, 2003 and styled *City of Wichita, Kansas v. Trustees of APCO Oil Corporation Liquidating Trust,*

---

[2] As noted by the Bankruptcy Court in its *Memorandum Opinion*, dated June 29, 2007, (and as set forth in the *Certification of Counsel* [Docket No. 275], dated May 25, 2007) proof of claim number 26 amended and superseded claim number 22 and claim number 23. For the avoidance of doubt, the "Wichita Claim" includes any and all amounts and/or liability asserted by Wichita through any claim filed by Wichita including, without limitation, claim number 22, claim number 23 and claim number 26.

*et al.*, 306 F. Supp. 1040 (D. Kan. 2003), for a portion of future costs of groundwater mediation and related environmental liabilities; and

WHEREAS, on December 12, 2005, the Debtors filed the *Objection of the Debtors and Debtors in Possession to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas and Motion to Estimate, if Necessary* [Docket No. 107] (the "Original Claims Objection"); and

WHEREAS, pursuant to the Original Claims Objection, the Debtors sought the entry of an order either disallowing in its entirety or estimating the Wichita Claim at zero both for purposes of weighting its vote on the Plan and for purposes of distributions in the Cases on account of its claim; and

WHEREAS, on or about Janaury 11, 2006, the Debtors and Wichita entered into that certain *Stipulation to Allow Claim of City of Wichita, Kansas for Voting Purposes, Only* [Docket No. 135] (the "Wichita Stipulation") to address the issue of weighting Wichita's vote on the Plan and certain other limited issues raised in the Original Claims Objection expressly set forth in the Wichita Stipulation; and

WHEREAS, on January 26, 2006, the Bankruptcy Court entered its *Order Approving Stipulation With City of Wichita, Kansas* [Docket No. 161] where by the Bankruptcy Court approved the Wichita Stipulation; and

WHEREAS, on December 12, 2006, the Liquidation Trustee filed the *Objection of the Liquidation Trustee to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas and Motion to Estimate, if Necessary* [Docket No. 233] (the "Renewed Claim Objection"); and

WHEREAS, pursuant to the Renewed Claim Objection, the Liquidation Trustee sought the entry of an order from the Bankruptcy Court disallowing and expunging the Wichita Claim; and

4

WHEREAS, on December 29, 2006, the Liquidation Trustee filed the *Motion of the Liquidation Trustee for Transfer of Venue of Objection to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas* [Docket No. 237] (the "Venue Motion"); and

WHEREAS, pursuant to the Venue Motion, the Liquidation Trustee sought the entry of an order transferring venue of the Renewed Claim Objection to the United States District Court for the District of Kansas; and

WHEREAS, on January 10, 2007, Wichita filed the *Response of City of Wichita, Kansas to Motion of Liquidation Trustee for Transfer of Venue of Objection to Claims No. 22 and 23 Filed by City of Wichita* [Docket No. 238] (the "Venue Response") in opposition to the Venue Motion; and

WHEREAS, on February 15, 2007, the Bankruptcy Court entered its *Agreed Scheduling Order* [Docket No. 251] (as subsequently extended and modified by orders of the Bankruptcy Court, entered March 29, 2007 [Docket No. 262] and April 18, 2007 [Docket No. 268], the "Scheduling Order"); and

WHEREAS, pursuant to the Scheduling Order the Bankruptcy Court ordered (i) that the Venue Motion and the Venue Response were continued *sine die* pending the completion of further briefing on the Renewed Claim Objection and (ii) additional briefing by the Liquidation Trustee and Wichita concerning certain issues in connection with the Renewed Claim Objection; and

WHEREAS, on March 5, 2007, the Liquidation Trustee filed the *Supplemental Memorandum of Law in Support of the Liquidation Trustee's Objection to Claim by City of Wichita, Kansas* [Docket No. 257] (the "Supplemental Opening Brief"); and

WHEREAS, on March 28, 2007, Wichita filed the *Memorandum of Law in Support of Opposition by the City of Wichita, Kansas to the Supplemental Memorandum of Law in Support of the Liquidation Trustee's Objection to Claim by the City of Wichita, Kansas* [Docket No. 261] (the "Supplemental Answering Brief"); and

WHEREAS, on April 18, 2007, the Liquidation Trustee filed *The Liquidation Trustee's Reply Brief in Further Support of Objection to Claim by City of Wichita, Kansas* [Docket No. 269] (the "Supplemental Reply Brief"); and

WHEREAS, on May 3, 2007 at 10:00 a.m. (Prevailing Eastern Time) the Bankruptcy Court held a hearing (the "May 3 Hearing") to consider, among other things, the Venue Motion, the Venue Response, the Renewed Claims Objection, the Supplemental Opening Brief, the Supplemental Answering Brief and the Supplemental Reply Brief and the arguments of counsel for the Liquidation Trustee and Wichita in connection therewith; and

WHEREAS, the Bankruptcy Court took all of the Venue Motion, the Venue Response, the Renewed Claims Objection, the Supplemental Opening Brief, the Supplemental Answering Brief and the Supplemental Reply Brief and the arguments of counsel for the Liquidation Trustee and Wichita in connection therewith under advisement following the May 3 Hearing; and

WHEREAS, on June 13, 2007, the Liquidation Trustee filed the *Notice of Submission of Subsequent Authority Pursuant to Local Bankruptcy Court Rule 7007-1(b)* [Docket No. 276]; and

WHEREAS, on June 29, 2007, the Bankruptcy Court entered its *Memorandum Opinion* [Docket No. 277] and related *Order* [Docket No. 278] pursuant to which the Bankruptcy

Court sustained the Renewed Claims Objection and disallowed and expunged the Wichita Claim in its entirety; and

WHEREAS, on July 9, 2007, Wichita filed its *Notice of Appeal* [Docket No. 279] (the "Notice of Appeal") with the Bankruptcy Court; and

WHEREAS, pursuant to the Notice of Appeal, Wichita appealed the Bankruptcy Court's *Memorandum Opinion* [Docket No. 277] and related *Order* [Docket No. 278] to the United States District Court for the District of Delaware (the "District Court") thereby commencing Civil Action No. 07-cv-00474 (***)[3] (the "Appeal"); and

WHEREAS, pursuant to the District Court's *Order In re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District*, dated July 23, 2004 (as amended or supplemented from time to time, the "Mediation Order") the Appeal was referred to mediation; and

WHEREAS, pursuant to the Mediation Order, on September 26, 2007, the Liquidation Trustee and Wichita participated in a mediation session in an effort to resolve the Appeal; and

WHEREAS, as a result of the mediation session, the Liquidation Trustee and Wichita have agreed to settle, in full, all issues related to or arising out of the Appeal on the terms set forth herein; and

---

[3] Pursuant to the District Court's *Standing Order In re: Judicial Vacancy*, dated December 15, 2006, the Appeal has been assigned to the vacant judicial position resulting from the elevation of The Honorable Kent A. Jordan to the Third Circuit Court of Appeals.

WHEREAS, on September 28, 2007, the mediator appointed by the District Court filed his *Mediator's Certificate of Completion* [District Court Docket No. 6] reporting to the District Court that the Appeal has been resolved;

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Liquidation Trustee and Wichita (collectively, the "Parties") hereby agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. The Parties agree that, in full and final settlement of the Wichita Claim and any and all issues arising out of or related to the Appeal, Wichita shall be granted an allowed non-priority general unsecured claim in the amount of $450,000.00.

3. Upon the order approving this Agreement by the District Court becoming final, the Parties agree that, in full and final settlement of the Wichita Claim and any and all issues arising out of or related to the Appeal, (i) proof of claim number 22 filed by Wichita shall be expunged and disallowed; (ii) proof of claim number 23 filed by Wichita shall be expunged and disallowed; and (iii) proof of claim number 26 filed by Wichita shall be reduced and allowed as a non-priority general unsecured claim in the amount of $450,000.00 in Apco Liquidating Trust's chapter 11 case (Bankr. Case No. 05-12355 (BLS)) (the "Allowed Unsecured Claim") and, without limiting the generality of the foregoing, shall not be subject to objection or setoff by the Liquidation Trust, a successor thereto, or any other party.

4. Wichita shall receive a *pro rata* distribution on account of the Allowed Unsecured Claim at such time as the Liquidation Trustee makes a distribution to holders of allowed general unsecured claims against the Liquidation Trust.

RLF1-3210780-2

5.  Within five (5) business days of this Agreement being fully executed, in accordance with section 9.2 of the Plan and Section III.B.(a) of the Confirmation Order, the Liquidation Trustee shall serve a copy of this Agreement on Wichita and all parties entitled to receive notice in the Cases pursuant to Fed. R. Bankr. P. 2002 (collectively, the "Notice Parties") and provide the Notice Parties with at least twenty (20) days' notice of an objection deadline (the "Objection Deadline") with respect to this Agreement.

6.  If no objections to this Agreement are received from any of the Notice Parties by the Objection Deadline, within three (3) business days following the expiration of the Objection Deadline, the Liquidation Trustee shall file a certification with the District Court specifying that no objections to this Agreement were received and requesting entry of an agreed form of order (the "Agreed Order") approving this Agreement.  A copy of the Agreed Order is attached as <u>Exhibit 1</u> to this Agreement.  If any objections to this Agreement are received from any of the Notice Parties by the Objection Deadline, and the Liquidation Trustee and/or Wichita are unable to resolve any such objection within sixty (60) days of the date of such objection to the mutual satisfaction of the Parties, this Agreement shall be null and void.

7.  Within five (5) business days of the Agreed Order approving this Agreement entered by the District Court becoming final, Wichita agrees to sign a stipulation of dismissal (which such stipulation will be prepared by the Liquidation Trustee) and otherwise fully cooperate with the Liquidation Trustee to cause the Appeal to be dismissed with prejudice (with each of the Parties to bear their own costs).

8.  The Liquidation Trustee agrees to file the stipulation of dismissal set forth in paragraph 7 above pursuant to Fed. R. Bankr P. 8001(c)(2) with the District Court.

9

9. The Liquidation Trustee and Wichita agree to accept the terms of this Agreement as full and final settlement of all issues raised, or that could have been raised, by the Liquidation Trustee and Wichita in connection with the Appeal.

10. Other than the Allowed Unsecured Claim and distributions that may result therefrom, Wichita on behalf of itself and its affiliates, predecessors, successors, assigns, and agents, if any, (collectively, the "Releasors"), hereby releases, acquits and forever discharges, each of the Debtors and the Liquidation Trustee, as well as their respective affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, agents, and attorneys (collectively, the "Debtor Entities") from any and all claims, debts, demands, causes of action, liabilities, obligations, costs, disbursements, fees, attorneys' fees, expenses, damages, and injuries of every kind, nature, and description whether arising at law or in equity, which any of the Releasors, collectively or separately, ever had, now has, or hereinafter may have against any of the Debtor Entities, collectively or separately, arising out of, based on, or related to (i) the Appeal; (ii) the Wichita Claim; (iii) any alleged environmental contamination at, in or related to any of the "Gilbert & Mosely Site," 1001 E. Lincoln, the City of Wichita, Kansas or the Kansas Judgment; and (iv) any of the allegations, claims, causes of action, demands, asserted liabilities, and/or asserted obligations set forth in the Wichita Claim including, but not limited to, any and all other claims, whether asserted or unasserted, matured or unmatured, contingent or uncontingent, liquidated or unliquidated, that were brought or could have been brought by Wichita against any of the Debtor Entities.

11. This Agreement shall be binding upon and inure to the benefit of the Parties and signatories hereto as well as their respective, heirs, representatives, predecessors, successors and assigns, as the case may be.

12. The entry of the Agreed Order by the District Court approving this Agreement is a condition precedent to the effectiveness of this Agreement and this Agreement shall only be biding on the Parties once the Agreed Order is entered by the District Court and no longer appealable.

13. No amendment or waiver of any provision of this Agreement shall be effective unless the same shall be in writing and signed by the Parties hereto, and then such amendment, waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

14. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

15. This Agreement may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

16. Each of the undersigned persons represents that the individual signing on its behalf of the Parties has the full authority to do so, and to bind the Parties to the terms and conditions of this Agreement.

Dated: January 9, 2008
Wilmington, Delaware

FOR THE JOHN G. MCMILLIAN,
LIQUIDATION TRUSTEE TO APCO
LIQUIDATING TRUST AND APCO
MISSING STOCKHOLDERS TRUST:

By: /s/
John H. Knight (No. 3848)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Neal H. Weinfield
Matthew F. Prewitt
GREENBERG TRAURIG LLP
77 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

COUNSEL FOR THE JOHN G.
MCMILLIAN, LIQUIDATION TRUSTEE
TO APCO LIQUIDATING TRUST AND
APCO MISSING STOCKHOLDERS
TRUST, APPELLEE

Dated: January 9, 2008
Wilmington, Delaware

FOR CITY OF WICHITA, KANSAS:

By: /s/
Jeffrey R. Waxman (No. 4159)
COZEN O'CONNOR
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

- and -

Mark S. Carder
STINSON MORRISON
  HECKER, LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Telephone: (816) 842-8600
Facsimile: (816) 691-3495

- and -

Gary E. Rebenstorf
Joe Allen Lang
Sharon L. Dickgrafe
City Hall – 13th Floor
455 North Main Street
Wichita, KS 67202
Telephone: (316) 268-4681
Facsimile: (316) 268-4335

COUNSEL FOR CITY OF
WICHITA, KANSAS

# Exhibit 1

[Agreed Order]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDER TRUST,<br><br>**Debtors.** | Chapter 11<br><br>Case No. 05-12355 (BLS)<br><br>Jointly Administered |
| CITY OF WICHITA KANSAS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST.,<br><br>Defendant-Appellee. | Civil Action No. 07-cv-00474 (***) |

### ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST AND CITY OF WICHITA, KANSAS

This matter having come before the Court on the *Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* (the "Agreement") entered into by and between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust (the "Liquidation Trustee"), and the City of Wichita, Kansas ("Wichita"); and the Liquidation Trustee having filed and served the *Notice of Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* on January 9, 2008 [Docket No. 7] (the "Notice of Settlement Agreement"); and the Liquidation Trustee having filed a *Certification of Counsel Concerning Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to*

RLF1-3231542-1

*Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* on

_____, 2008 [Docket No. TBD] certifying that no responses or objections to the Agreement were timely received;

NOW, THEREFOR, IT IS HEREBY FOUND, ORDERED, ADJUDED AND DECREED AS FOLLOWS:

1. Notice of the Agreement was proper, sufficient and in compliance with section 9.2 of the *First Amended Liquidating Plan of Reorganization* [Bankr. Docket No. 113], filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on December 16, 2005 and Section III.B.(a) of the Bankruptcy Court's *Findings of Fact, Conclusion of Law and Order Confirming First Amended Liquidating Plan of Reorganization* [Bankr. Docket No. 160].

2. The Agreement is APPROVED in its entirety and is effective as an order of this Court.

3. Each term and provision of the Agreement is valid, binding and enforceable as though set forth herein. The failure specifically to include or reference any particular term or provision of the Agreement in this order shall not diminish or impair the effectiveness of such term or provision, it being the intent of the Court that the Agreement be approved in its entirety.

4. Wichita is hereby granted an allowed non-priority general unsecured claim in the amount of $450,000.00 in full and final settlement of the Wichita Claim[1] and any and all issues arising out of or related to the Appeal.

---

[1] Capitalized terms used, but not otherwise defined herein, shall be ascribed the same meaning given to them in the Agreement.

5. Wichita and the Liquidation Trustee are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Agreement.

Dated: _____, 2008
Wilmington, Delaware

_____
United States District Judge

RLF1-3231542-1