## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDER TRUST,** | **Case No. 05-12355 (BLS)** |
| | **Jointly Administered** |
| **Debtors.** | |
| **CITY OF WICHITA KANSAS,** | |
| **Plaintiff-Appellant,** | |
| **v.** | **Civil Action No. 07-cv-00474 (\*\*\*)** |
| **JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST.,** | **Objection Deadline:  February 1, 2008 at 4:00 p.m.** |
| **Defendant-Appellee.** | |

## NOTICE OF SETTLEMENT AGREEMENT BY AND BETWEEN JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST AND CITY OF WICHITA, KANSAS

PLEASE TAKE NOTICE that, on January 9, 2008, John G. McMillian, as liquidation trustee (the "Liquidation Trustee") to the liquidation trust created pursuant to the *Apco Liquidating Trust and Apco Missing Stockholders Trust Liquidation Trust Agreement*, dated January 26, 2006 for Apco Liquidating Trust and Apco Missing Stockholder Trust (collectively, the "Debtors") filed the **Settlement Agreement By and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas** (the "Settlement Agreement") with the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801 (the "District Court").  A copy of the Settlement Agreement is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that the Liquidation Trustee hereby gives notice of the Settlement Agreement pursuant to Section 9.2 of the Debtors' *First Amended Liquidating Plan of Reorganization* [Docket No. 113][1] (the "Plan") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on December 16, 2005 and Section III.B.(a) of the *Findings of Fact, Conclusion of Law and Order Confirming First Amended Liquidating Plan of Reorganization* [Docket No. 160] (the "Confirmation Order"), entered by the Bankruptcy Court on January 26, 2006.

PLEASE TAKE FURTHER NOTICE that, objections to the Settlement Agreement, if any, must contain at a minimum the following information:

(a)     a caption setting forth the name of this Court, the name of the Debtors, the civil action number, and the title of the Settlement Agreement to which the response is directed;

(b)     the specific factual basis and supporting legal argument upon which the objecting party will rely in opposing the Settlement Agreement; and

(c)     the name, address, telephone number, fax number and e-mail address (to the extent applicable) of the person(s) with whom counsel for the Liquidation Trustee should communicate with respect to the objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the Settlement Agreement on behalf of the responding party

and any such objections to the Settlement Agreement must be filed with the District Court, and served upon and received by (i) counsel for the Liquidation Trustee (Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801, Attention: John H. Knight, Esq. and Jason M. Madron, Esq.); (ii) counsel for the City of Wichita, Kansas (Cozen O'Connor, 1201 North Market Street, Suite 1400, Wilmington, Delaware 19801, Attention: Jeffrey R. Waxman, Esq.; Stinson Morrison Hecker, LLP, 1201 Walnut Street, Suite 2900,

---

[1] All docket numbers cited in this notice refer to the corresponding docket entries in the Debtors' chapter 11 cases (Case No. 05-12355 (BLS)) pending before The Honorable Brendan L. Shannon in the United States Bankruptcy Court for the District of Delaware unless otherwise specifically noted.

Kansas City, Missouri 64106-2150, Attention: Mark S. Carder, Esq.; and Gary E. Rebenstorf,

Esq., City Hall – 13th Floor, 455 North Main Street, Wichita, Kansas 67202); and (iii) the Office

of the United States Trustee for the District of Delaware (844 King Street, Suite 2207, Lockbox

35, Wilmington, Delaware 19801, Attention: William K. Harrington, Esq.) no later than **4:00**

**p.m. (Eastern Standard Time) on February 1, 2008.**

**PLEASE TAKE FURTHER NOTICE THAT, IF NO OBJECTIONS TO**

**THE SETTLEMENT AGREEMENT ARE TIMELY FILED, SERVED AND RECEIVED**

**IN ACCORDANCE WITH THIS NOTICE, CONSISTENT WITH SECTION 9.2 OF THE**

**PLAN AND SECTION III.B.(a) OF THE CONFIRMATION ORDER, THE DISTRICT**

**COURT MAY ENTER AN ORDER, SUBSTANTIALLY IN THE FORM ATTACHED AS**

**"EXHIBIT 1" TO THE SETTLEMENT AGREEMENT, APPROVING THE**

**SETTLEMENT AGREEMENT WITHOUT FURTHER NOTICE OR A HEARING.**

Dated:    January 9, 2008
          Wilmington, Delaware

Respectfully submitted,

John H. Knight (No. 3848)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

ATTORNEYS FOR JOHN G. MCMILLIAN,
LIQUIDATION TRUSTEE TO APCO
LIQUIDATING TRUST AND APCO MISSING
STOCKHOLDERS TRUST

# **Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDER TRUST,** | **Case No. 05-12355 (BLS)** |
| | **Jointly Administered** |
| **Debtors.** | |
| **CITY OF WICHITA KANSAS,** | |
| **Plaintiff-Appellant,** | |
| **v.** | **Civil Action No. 07-cv-00474 (***)** |
| **JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST.,** | |
| **Defendant-Appellee.** | |

**SETTLEMENT AGREEMENT BY AND BETWEEN JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST AND CITY OF WICHITA, KANSAS**

This settlement agreement (the "Agreement") is entered into by and between John G. McMillian, as liquidation trustee (the "Liquidation Trustee") to the liquidation trust (the "Liquidation Trust") created pursuant to the *Apco Liquidating Trust and Apco Missing Stockholders Trust Liquidation Trust Agreement*, dated January 26, 2006 (the "Liquidation Trust Agreement"), for Apco Liquidating Trust and Apco Missing Stockholder Trust (collectively, the "Debtors") and the City of Wichita, Kansas (referred to herein as "Wichita").

WHEREAS, on August 19, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, §§ 101-1532, in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for

Date filed: 1-9-08
Docket #: 7

the purpose of identifying, liquidating, and satisfying all outstanding claims against them so that their assets may be distributed to creditors and, thereafter, to their beneficiaries; and

WHEREAS, pursuant to the Bankruptcy Court's *Order Directing Joint Administration of the Debtors' Chapter 11 Cases Pursuant to Section 105(A) of the Bankruptcy Code* [Docket No. 14],[1] entered August 22, 2005, the Debtors' chapter 11 cases (the "Cases") were consolidated for procedural purposes only; and

WHEREAS, on December 16, 2005, the Debtors filed their *First Amended Liquidating Plan of Reorganization* [Docket No. 113] (the "Plan") with the Bankruptcy Court; and

WHEREAS, on January 26, 2006, the Bankruptcy Court entered its *Findings of Fact, Conclusion of Law and Order Confirming First Amended Liquidating Plan of Reorganization* [Docket No. 160] (the "Confirmation Order"); and

WHEREAS, the effective date of the Plan occurred on January 27, 2006; and

WHEREAS, the Confirmation Order provided, <u>inter alia</u>, except as otherwise expressly provided in the Plan, that all property of the Debtors' estates shall vest in the Liquidation Trust, free and clear of all claims, liens, encumbrances, and interests of holders of Claims and Interests (as such terms are defined in the Plan); and

WHEREAS, section 7.3 of the Plan provides for the creation of the Liquidation Trust and appointment of the Liquidation Trustee; and

WHEREAS, pursuant to the Confirmation Order, all property of the Debtors has been transferred to the Liquidation Trust; and

---

[1] All docket numbers cited to herein refer to the corresponding docket entries in the Cases in the Bankruptcy Court unless otherwise specifically noted.

WHEREAS, section 2.2 of the Liquidation Trust Agreement provides that the Liquidation Trust is charged with, among other things, the "... pursuit and resolution of Causes of Action, the pursuit and resolution of Claims Objections, the temporary investment of Distributable Proceeds and other Liquidation Trust moneys as provided herein ..."; and

WHEREAS, the Liquidation Trust Agreement was attached to the Plan and, as such, approved by the Confirmation Order; and

WHEREAS, section 7.7 of the Plan provides that "[t]he Liquidation Trustee shall be designated in the Confirmation Order and shall have the power to (i) prosecute for the benefit of the Liquidation Trust any Causes of Action, (ii) object to Claims and Interests ..." ; and

WHEREAS, on (i) November 16, 2005, Wichita filed proof of claim number 22 in an unliquidated amount; (ii) November 21, 2005, Wichita filed proof of claim number 23 in an amount "... no less than $894,721.30" as a non-priority general unsecured claim; and (iii) February 13, 2006, Wichita filed proof of claim number 26 in the amount of $1,325,527 as a non-priority general unsecured claim (the "Wichita Claim"[2]); and

WHEREAS, the Wichita Claim asserted an unsecured non-priority claim on account of a judgment (the "Kansas Judgment") entered by the United States District Court for the District of Kansas and based upon that certain *Memorandum Decision*, dated December 31, 2003 and styled *City of Wichita, Kansas v. Trustees of APCO Oil Corporation Liquidating Trust,*

---

[2] As noted by the Bankruptcy Court in its *Memorandum Opinion*, dated June 29, 2007, (and as set forth in the *Certification of Counsel* [Docket No. 275], dated May 25, 2007) proof of claim number 26 amended and superseded claim number 22 and claim number 23. For the avoidance of doubt, the "Wichita Claim" includes any and all amounts and/or liability asserted by Wichita through any claim filed by Wichita including, without limitation, claim number 22, claim number 23 and claim number 26.

*et al.*, 306 F. Supp. 1040 (D. Kan. 2003), for a portion of future costs of groundwater mediation and related environmental liabilities; and

WHEREAS, on December 12, 2005, the Debtors filed the *Objection of the Debtors and Debtors in Possession to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas and Motion to Estimate, if Necessary* [Docket No. 107] (the "Original Claims Objection"); and

WHEREAS, pursuant to the Original Claims Objection, the Debtors sought the entry of an order either disallowing in its entirety or estimating the Wichita Claim at zero both for purposes of weighting its vote on the Plan and for purposes of distributions in the Cases on account of its claim; and

WHEREAS, on or about Janaury 11, 2006, the Debtors and Wichita entered into that certain *Stipulation to Allow Claim of City of Wichita, Kansas for Voting Purposes, Only* [Docket No. 135] (the "Wichita Stipulation") to address the issue of weighting Wichita's vote on the Plan and certain other limited issues raised in the Original Claims Objection expressly set forth in the Wichita Stipulation; and

WHEREAS, on January 26, 2006, the Bankruptcy Court entered its *Order Approving Stipulation With City of Wichita, Kansas* [Docket No. 161] where by the Bankruptcy Court approved the Wichita Stipulation; and

WHEREAS, on December 12, 2006, the Liquidation Trustee filed the *Objection of the Liquidation Trustee to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas and Motion to Estimate, if Necessary* [Docket No. 233] (the "Renewed Claim Objection"); and

WHEREAS, pursuant to the Renewed Claim Objection, the Liquidation Trustee sought the entry of an order from the Bankruptcy Court disallowing and expunging the Wichita Claim; and

4

WHEREAS, on December 29, 2006, the Liquidation Trustee filed the *Motion of the Liquidation Trustee for Transfer of Venue of Objection to Claim Nos. 22 and 23 Filed by City of Wichita, Kansas* [Docket No. 237] (the "Venue Motion"); and

WHEREAS, pursuant to the Venue Motion, the Liquidation Trustee sought the entry of an order transferring venue of the Renewed Claim Objection to the United States District Court for the District of Kansas; and

WHEREAS, on January 10, 2007, Wichita filed the *Response of City of Wichita, Kansas to Motion of Liquidation Trustee for Transfer of Venue of Objection to Claims No. 22 and 23 Filed by City of Wichita* [Docket No. 238] (the "Venue Response") in opposition to the Venue Motion; and

WHEREAS, on February 15, 2007, the Bankruptcy Court entered its *Agreed Scheduling Order* [Docket No. 251] (as subsequently extended and modified by orders of the Bankruptcy Court, entered March 29, 2007 [Docket No. 262] and April 18, 2007 [Docket No. 268], the "Scheduling Order"); and

WHEREAS, pursuant to the Scheduling Order the Bankruptcy Court ordered (i) that the Venue Motion and the Venue Response were continued *sine die* pending the completion of further briefing on the Renewed Claim Objection and (ii) additional briefing by the Liquidation Trustee and Wichita concerning certain issues in connection with the Renewed Claim Objection; and

WHEREAS, on March 5, 2007, the Liquidation Trustee filed the *Supplemental Memorandum of Law in Support of the Liquidation Trustee's Objection to Claim by City of Wichita, Kansas* [Docket No. 257] (the "Supplemental Opening Brief"); and

RLF1-3210780-2

WHEREAS, on March 28, 2007, Wichita filed the *Memorandum of Law in Support of Opposition by the City of Wichita, Kansas to the Supplemental Memorandum of Law in Support of the Liquidation Trustee's Objection to Claim by the City of Wichita, Kansas* [Docket No. 261] (the "Supplemental Answering Brief"); and

WHEREAS, on April 18, 2007, the Liquidation Trustee filed *The Liquidation Trustee's Reply Brief in Further Support of Objection to Claim by City of Wichita, Kansas* [Docket No. 269] (the "Supplemental Reply Brief"); and

WHEREAS, on May 3, 2007 at 10:00 a.m. (Prevailing Eastern Time) the Bankruptcy Court held a hearing (the "May 3 Hearing") to consider, among other things, the Venue Motion, the Venue Response, the Renewed Claims Objection, the Supplemental Opening Brief, the Supplemental Answering Brief and the Supplemental Reply Brief and the arguments of counsel for the Liquidation Trustee and Wichita in connection therewith; and

WHEREAS, the Bankruptcy Court took all of the Venue Motion, the Venue Response, the Renewed Claims Objection, the Supplemental Opening Brief, the Supplemental Answering Brief and the Supplemental Reply Brief and the arguments of counsel for the Liquidation Trustee and Wichita in connection therewith under advisement following the May 3 Hearing; and

WHEREAS, on June 13, 2007, the Liquidation Trustee filed the *Notice of Submission of Subsequent Authority Pursuant to Local Bankruptcy Court Rule 7007-1(b)* [Docket No. 276]; and

WHEREAS, on June 29, 2007, the Bankruptcy Court entered its *Memorandum Opinion* [Docket No. 277] and related *Order* [Docket No. 278] pursuant to which the Bankruptcy

Court sustained the Renewed Claims Objection and disallowed and expunged the Wichita Claim in its entirety; and

WHEREAS, on July 9, 2007, Wichita filed its *Notice of Appeal* [Docket No. 279] (the "Notice of Appeal") with the Bankruptcy Court; and

WHEREAS, pursuant to the Notice of Appeal, Wichita appealed the Bankruptcy Court's *Memorandum Opinion* [Docket No. 277] and related *Order* [Docket No. 278] to the United States District Court for the District of Delaware (the "District Court") thereby commencing Civil Action No. 07-cv-00474 (***)[3] (the "Appeal"); and

WHEREAS, pursuant to the District Court's *Order In re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District*, dated July 23, 2004 (as amended or supplemented from time to time, the "Mediation Order") the Appeal was referred to mediation; and

WHEREAS, pursuant to the Mediation Order, on September 26, 2007, the Liquidation Trustee and Wichita participated in a mediation session in an effort to resolve the Appeal; and

WHEREAS, as a result of the mediation session, the Liquidation Trustee and Wichita have agreed to settle, in full, all issues related to or arising out of the Appeal on the terms set forth herein; and

---

[3] Pursuant to the District Court's *Standing Order In re: Judicial Vacancy*, dated December 15, 2006, the Appeal has been assigned to the vacant judicial position resulting from the elevation of The Honorable Kent A. Jordan to the Third Circuit Court of Appeals.

RLF1-3210780-2

WHEREAS, on September 28, 2007, the mediator appointed by the District Court filed his *Mediator's Certificate of Completion* [District Court Docket No. 6] reporting to the District Court that the Appeal has been resolved;

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Liquidation Trustee and Wichita (collectively, the "Parties") hereby agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      The Parties agree that, in full and final settlement of the Wichita Claim and any and all issues arising out of or related to the Appeal, Wichita shall be granted an allowed non-priority general unsecured claim in the amount of $450,000.00.

3.      Upon the order approving this Agreement by the District Court becoming final, the Parties agree that, in full and final settlement of the Wichita Claim and any and all issues arising out of or related to the Appeal, (i) proof of claim number 22 filed by Wichita shall be expunged and disallowed; (ii) proof of claim number 23 filed by Wichita shall be expunged and disallowed; and (iii) proof of claim number 26 filed by Wichita shall be reduced and allowed as a non-priority general unsecured claim in the amount of $450,000.00 in Apco Liquidating Trust's chapter 11 case (Bankr. Case No. 05-12355 (BLS)) (the "Allowed Unsecured Claim") and, without limiting the generality of the foregoing, shall not be subject to objection or setoff by the Liquidation Trust, a successor thereto, or any other party.

4.      Wichita shall receive a *pro rata* distribution on account of the Allowed Unsecured Claim at such time as the Liquidation Trustee makes a distribution to holders of allowed general unsecured claims against the Liquidation Trust.

8

5.      Within five (5) business days of this Agreement being fully executed, in accordance with section 9.2 of the Plan and Section III.B.(a) of the Confirmation Order, the Liquidation Trustee shall serve a copy of this Agreement on Wichita and all parties entitled to receive notice in the Cases pursuant to Fed. R. Bankr. P. 2002 (collectively, the "Notice Parties") and provide the Notice Parties with at least twenty (20) days' notice of an objection deadline (the "Objection Deadline") with respect to this Agreement.

6.      If no objections to this Agreement are received from any of the Notice Parties by the Objection Deadline, within three (3) business days following the expiration of the Objection Deadline, the Liquidation Trustee shall file a certification with the District Court specifying that no objections to this Agreement were received and requesting entry of an agreed form of order (the "Agreed Order") approving this Agreement.  A copy of the Agreed Order is attached as Exhibit 1 to this Agreement.  If any objections to this Agreement are received from any of the Notice Parties by the Objection Deadline, and the Liquidation Trustee and/or Wichita are unable to resolve any such objection within sixty (60) days of the date of such objection to the mutual satisfaction of the Parties, this Agreement shall be null and void.

7.      Within five (5) business days of the Agreed Order approving this Agreement entered by the District Court becoming final, Wichita agrees to sign a stipulation of dismissal (which such stipulation will be prepared by the Liquidation Trustee) and otherwise fully cooperate with the Liquidation Trustee to cause the Appeal to be dismissed with prejudice (with each of the Parties to bear their own costs).

8.      The Liquidation Trustee agrees to file the stipulation of dismissal set forth in paragraph 7 above pursuant to Fed. R. Bankr P. 8001(c)(2) with the District Court.

9.      The Liquidation Trustee and Wichita agree to accept the terms of this Agreement as full and final settlement of all issues raised, or that could have been raised, by the Liquidation Trustee and Wichita in connection with the Appeal.

10.     Other than the Allowed Unsecured Claim and distributions that may result therefrom, Wichita on behalf of itself and its affiliates, predecessors, successors, assigns, and agents, if any, (collectively, the "Releasors"), hereby releases, acquits and forever discharges, each of the Debtors and the Liquidation Trustee, as well as their respective affiliates, subsidiaries, predecessors, successors, assigns, officers, directors, agents, and attorneys (collectively, the "Debtor Entities") from any and all claims, debts, demands, causes of action, liabilities, obligations, costs, disbursements, fees, attorneys' fees, expenses, damages, and injuries of every kind, nature, and description whether arising at law or in equity, which any of the Releasors, collectively or separately, ever had, now has, or hereinafter may have against any of the Debtor Entities, collectively or separately, arising out of, based on, or related to (i) the Appeal; (ii) the Wichita Claim; (iii) any alleged environmental contamination at, in or related to any of the "Gilbert & Mosely Site," 1001 E. Lincoln, the City of Wichita, Kansas or the Kansas Judgment; and (iv) any of the allegations, claims, causes of action, demands, asserted liabilities, and/or asserted obligations set forth in the Wichita Claim including, but not limited to, any and all other claims, whether asserted or unasserted, matured or unmatured, contingent or uncontingent, liquidated or unliquidated, that were brought or could have been brought by Wichita against any of the Debtor Entities.

11.     This Agreement shall be binding upon and inure to the benefit of the Parties and signatories hereto as well as their respective, heirs, representatives, predecessors, successors and assigns, as the case may be.

10

12.     The entry of the Agreed Order by the District Court approving this Agreement is a condition precedent to the effectiveness of this Agreement and this Agreement shall only be biding on the Parties once the Agreed Order is entered by the District Court and no longer appealable.

13.     No amendment or waiver of any provision of this Agreement shall be effective unless the same shall be in writing and signed by the Parties hereto, and then such amendment, waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

14.     This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

15.     This Agreement may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which should be deemed an original and all of which together shall constitute one and the same instrument.

16.     Each of the undersigned persons represents that the individual signing on its behalf of the Parties has the full authority to do so, and to bind the Parties to the terms and conditions of this Agreement.

RLF1-3210780-2

Dated: January 9 , 2008
      Wilmington, Delaware

FOR THE JOHN G. MCMILLIAN,
LIQUIDATION TRUSTEE TO APCO
LIQUIDATING TRUST AND APCO
MISSING STOCKHOLDERS TRUST:

By: _____
    John H. Knight (No. 3848)
    Jason M. Madron (No. 4431)
    RICHARDS, LAYTON & FINGER, P.A.
    One Rodney Square
    920 North King Street
    Wilmington, DE 19801
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701

    - and -

    Neal H. Weinfield
    Matthew F. Prewitt
    GREENBERG TRAURIG LLP
    77 West Wacker Drive
    Chicago, IL 60601
    Telephone: (312) 456-8400
    Facsimile: (312) 456-8435

    COUNSEL FOR THE JOHN G.
    MCMILLIAN, LIQUIDATION TRUSTEE
    TO APCO LIQUIDATING TRUST AND
    APCO MISSING STOCKHOLDERS
    TRUST, APPELLEE

Dated: January 5 , 2008
      Wilmington, Delaware

FOR CITY OF WICHITA, KANSAS:

By: _____
    Jeffrey R. Waxman (No. 4159)
    COZEN O'CONNOR
    1201 N. Market Street, Suite 1400
    Wilmington, DE 19801
    Telephone: (302) 295-2000
    Facsimile: (302) 295-2013

    - and -

    Mark S. Carder
    STINSON MORRISON
      HECKER, LLP
    1201 Walnut Street, Suite 2900
    Kansas City, MO 64106-2150
    Telephone: (816) 842-8600
    Facsimile: (816) 691-3495

    - and -

    Gary E. Rebenstorf
    Joe Allen Lang
    Sharon L. Dickgrafe
    City Hall – 13th Floor
    455 North Main Street
    Wichita, KS 67202
    Telephone: (316) 268-4681
    Facsimile: (316) 268-4335

    COUNSEL FOR CITY OF
    WICHITA, KANSAS

RLF1-3210780-2

# __Exhibit 1__

[Agreed Order]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDER TRUST, · | Case No. 05-12355 (BLS) |
| | Jointly Administered |
| **Debtors.** | |
| CITY OF WICHITA KANSAS, | |
| Plaintiff-Appellant, | |
| v. | Civil Action No. 07-cv-00474 (***) |
| JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST., | |
| Defendant-Appellee. | |

ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN JOHN G. MCMILLIAN, LIQUIDATION TRUSTEE TO APCO LIQUIDATING TRUST AND APCO MISSING STOCKHOLDERS TRUST AND CITY OF WICHITA, KANSAS

This matter having come before the Court on the *Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* (the "Agreement") entered into by and between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust (the "Liquidation Trustee"), and the City of Wichita, Kansas ("Wichita"); and the Liquidation Trustee having filed and served the *Notice of Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* on January 9, 2008 [Docket No. 7] (the "Notice of Settlement Agreement"); and the Liquidation Trustee having filed a *Certification of Counsel Concerning Settlement Agreement by and Between John G. McMillian, Liquidation Trustee to*

*Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas* on

_____, 2008 [Docket No. TBD] certifying that no responses or objections to the

Agreement were timely received;

NOW, THEREFOR, IT IS HEREBY FOUND, ORDERED, ADJUDED AND

DECREED AS FOLLOWS:

1.     Notice of the Agreement was proper, sufficient and in compliance with

section 9.2 of the *First Amended Liquidating Plan of Reorganization* [Bankr. Docket No. 113],

filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

Court") on December 16, 2005 and Section III.B.(a) of the Bankruptcy Court's *Findings of Fact,*

*Conclusion of Law and Order Confirming First Amended Liquidating Plan of Reorganization*

[Bankr. Docket No. 160].

2.     The Agreement is APPROVED in its entirety and is effective as an order

of this Court.

3.     Each term and provision of the Agreement is valid, binding and

enforceable as though set forth herein.  The failure specifically to include or reference any

particular term or provision of the Agreement in this order shall not diminish or impair the

effectiveness of such term or provision, it being the intent of the Court that the Agreement be

approved in its entirety.

4.     Wichita is hereby granted an allowed non-priority general unsecured claim

in the amount of $450,000.00 in full and final settlement of the Wichita Claim[1] and any and all

issues arising out of or related to the Appeal.

---

[1] Capitalized terms used, but not otherwise defined herein, shall be ascribed the same meaning given to them in the Agreement.

     5.     Wichita and the Liquidation Trustee are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Agreement.


Dated: _____, 2008
     Wilmington, Delaware

                          _____
                          United States District Judge

3

## Other Documents

1:07-cv-00474-*** In Re Apco Liquidating Trust et al
BKMEDIATION

**U.S. District Court**

**District of Delaware**

## Notice of Electronic Filing

The following transaction was entered by Madron, Jason on 1/9/2008 at 4:29 PM EST and filed on 1/9/2008

**Case Name:**       In Re Apco Liquidating Trust et al
**Case Number:**     1:07-cv-474
**Filer:**           Apco Liquidating Trust
                     Apco Missing Stockholder Trust
**Document Number:** 7

**Docket Text:**
SETTLEMENT AGREEMENT *By and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholder Trust and City of Wichita, Kansas* by Apco Liquidating Trust, Apco Missing Stockholder Trust. (Attachments: # (1) Exhibit 1 - Agreed Order)(Madron, Jason)

**1:07-cv-474 Notice has been electronically mailed to:**

Jason Michael Madron     madron@rlf.com, rbgroup@rlf.com

Jeffrey R. Waxman     jwaxman@cozen.com

**1:07-cv-474 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/9/2008] [FileNumber=500047-0]
[384229ba28efae7d49646c28d6e61c6b782da574d79bf1229fc1173baebecbcb5c111
c25b5881b65212822033575b754a6573ab9e4fca43a701fd3ff98c7480c]]
**Document description:**Exhibit 1 - Agreed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=1/9/2008] [FileNumber=500047-1]
[a2d8937642fc37b258a4f801914d2afc48f4325dc80e8fdfbd79859d2761c24f3895b
35c7b0291dd0dbc5369c62b243f9ebf67db163ee37ac3fa92a135071818]]

## CERTIFICATE OF SERVICE

I, Jason M. Madron, do hereby certify that on January 9, 2008 a copy of the foregoing **Notice of Settlement Agreement By and Between John G. McMillian, Liquidation Trustee to Apco Liquidating Trust and Apco Missing Stockholders Trust and City of Wichita, Kansas** was served on the parties on the attached list and in the manner indicated thereon.

Jason M. Madron (Del. Bar No. 4431)

**Via Hand Delivery**
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Room 2207
Lockbox 35
Wilmington, DE 19899

*(Representing City of Wichita, Kansas)*
Jeffrey Waxman
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE 19801

*(Representing Northwest Pipeline Company)*
William P. Bowden
Ricardo Palacio
Ashby & Geddes, P.A.
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

**Via First Class Mail**
City of Wichita, Kansas
Attn: City Clerk
455 N. Main Street
Wichita, KS  67202

Kay Johnson, Director
City of Wichita, Kansas
Gilbert & Mosley Project
1900 E. 9th Street
Wichita, KS 67214

Sandra Sterling
Husch & Eppenberger, LLC
1200 Main Street, Suite 1700
Kansas City, MO 64105

Neal Weinfield
Greenberg Traurig LLP
77 West Wacker Drive
Suite 2500
Chicago, IL 60601

Secretary of the Treasury
P. O. Box 7040
Dover, DE 19903

Apco Liquidating Trust
Apco Missing Stockholders Trust
c/o Mr. A. W. Green
4913 N.W. 32nd Street
Oklahoma City, Oklahoma 73122

Internal Revenue Service
Insolvency Section
31 Hopkins Plaza, Room 1150
Baltimore, MD 21201

Securities & Exchange Commission
Attention: Nathan Fuchs
233 Broadway
New York, NY 10279

Securities & Exchange Commission
15th & Pennsylvania Avenue, N.W.
Washington, D.C. 20020

Delaware Secretary of State
Division of Corporations
Franchise Tax Division
P.O. Box 7040
Dover, DE 19903

*(Representing Northwest Pipeline Company)*
Steven W. Soule
Bonnie N. Hackler
Hall, Estill, Hardwick, Gable,
Golden & Nelson, P.C.
320 Boston Avenue, Suite 400
Tulsa, OK 74103-3708

*(Representing City of Wichita, Kansas)*
Mark S. Carder
Stinson Morrison Hecker, LLP
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2105

*(Representing Office of the City Attorney of Wichita, Kansas)*
Gary E. Rebenstorf, City Attorney
Sharon L. Dickgrafe, Asst City Attorney
Office of the City Attorney
of Wichita, Kansas
City Hall - 13th Floor
455 North Main
Wichita, Kansas 67202

*(Representing the Administrator of the Environmental Protection Agency)*
Kirk W. Koester
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
Post Office Box 7611
Washington, DC 20044

*(Representing the State of Oklahoma)*
Ellen A. Phillips
Assistant Attorney General
Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

*(Representing the State of Oklahoma)*
Daniel P. Lennington
Assistant Attorney General
Office of Attorney General
313 NE 21st Street
Oklahoma City, OK 73105

Bill Fry
2867 Queens Courtyard Drive
Las Vegas, NV 89109

Robert H. Foster
Department of Justice
Environmental Defense Section
1961 Stout Street, 8th Floor
Denver, CO 80294

*(Representing United States Environmental Protection Agency)*
Richard Gladstein, Esq.
Senior Counsel
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20004-7611